WILLIAM MELVILLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Melville v. Commissioner
Docket No. 3225-78.
United States Tax Court
T.C. Memo 1979-398; 1979 Tax Ct. Memo LEXIS 135; 39 T.C.M. (CCH) 246; T.C.M. (RIA) 79398; September 24, 1979, Filed *135 Held: Allowable business mileage deduction determined. William Melville, pro se. Carol K. Scott, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By letter dated March 14, 1978 respondent determined a deficiency in petitioner's income taxes paid for his taxable year ended December 31, 1974 in the amount of $214.58. By letter dated April 13, 1978 respondent determined a deficiency in petitioner's income taxes paid for his taxable year ended December 31, 1976 in the amount of $708. [1] The sole issue for our decision herein is whether petitioner has adequately substantiated the number of business miles he traveled during each of his taxable years in issue. *136 FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, and exhibits attached thereto, are incorporated herein by this reference. Petitioner William Melville filed timely Federal income tax returns, on the cash basis, for each of his taxable years ended December 31, 1974 and 1976 with the District Director, Internal Revenue Service in Wilmington, Delaware. At the time he filed his petition herein, petitioner resided and/or received his mail in Dover, Delaware. During the years in issue petitioner was employed as a weekly industrial insurance agent for the Delaware Mutual Life Insurance Company. His duties were to collect on insurance accounts, sell insurance, and service insurance accounts. Most of the business involved was weekly industrial insurance, which wouldpay a small amount of life insurance to cover funeral costs. Collection was made by petitioner either weekly or monthly, and occasionally collections were mailed in by the customers. Petitioner's territory covered all of Delaware, the Eastern Shore of Maryland, and, very rarely, parts of New Jersey. However, the largest single location of petitioner's collection *137 activities was in the Dover, Delaware area. As a weekly industrial insurance agent, petitioner was required to use his personal automobile in his collection and insurance related activities. His company provided no reimbursement. In computing his taxable income for 1974, petitioner claimed a deduction in the amount of $5,050 based upon his estimate that he drove 43,000 business miles. In so doing, he elected the optional method. [2] In computing his taxable income for the year 1976 petitioner claimed a deduction in the amount of $4,072.80 based upon his estimate that he drove 33,228 business miles during that year. Petitioner's 1976 business miles deduction was also determined under the optional method. In computing the total number of his business miles in 1974 petitioner kept a daily journal of the total of business miles he had traveled. Petitioner totaled his daily mileage amounts weekly and at the end of the year totaled the weekly amounts to derive his yearly total. Petitioner discarded his 1974 mileage book when he received a refund from the Service for his 1974 taxable year. Petitioner testified that he followed the same procedure for 1976 but could not produce any *138 such records at trial. In 1976 petitioner kept another record of his business miles traveled for the period September 15, 1976 through October 26, 1976, at the behest of the Internal Revenue Service, which was then auditing his 1974 return. It shows that petitioner traveled 4,090 business miles during that month and one-half long period. Petitioner produced no substantiation for his business miles deduction claim other than that stated. OPINION The sole issue for our decision herein is whether or not petitioner is entitled to deductions, under section 162(a), I.R.C. 1954, for his taxable years ended December 31, 1974 and 1976 for business miles traveled in the respective amounts of $1,262.50 and $996.84. In his statutory notice with respect to the year 1974 and on brief with respect to the year 1976 respondent has conceded that expenses related to 70 percent of the business mileage claimed are deductible. The foregoing dollar disallowances remain in issue. Our determination of this issue will depend upon whether petitioner has substantiated the number of business miles he traveled during the taxable years before us.Respondent argues that, as petitioner produced no evidence *139 other than his own testimony to support his claimed deductions, he must fail. Petitioner argues, of course, that he has adequately substantiated his claims. The burden of proof is on petitioner to show his entitlement to his claimed deductions. Welch v. Helvering,290 U.S. 111 (1933), Rule 142, Tax Court Rules of Practice and Procedure. The only evidence petitioner adduced in support of his claim for his taxable year 1974 was his unsupported testimony at the trial herein. While petitioner is clearly sincere, we are unable to conclude that he has provided us with any basis upon which we could grant him a deduction relating to any business mileage in excess of the 70 percent already allowed him by respondent. We think this amount fair and uphold the respondent for this taxable year. See section 1.162-17(d), Income Tax Regs.
Petitioner's 1976 taxable year is a different story to the extent that petitioner provided us with a business mileage record contemporaneously kept for the period September 15, 1976 to October 26, 1976. During this period petitioner traveled 4,090 business miles. A projection of these miles over the course of 12 months would actually produce *140 an amount in excess of the amount claimed by petitioner on his return, namely 33,228 business miles. Bearing heavily against petitioner, whose inexactitude is of his own making, we find that he should be allowed 85 percent of his claimed business mileage deduction for 1976. Cohan v. Commissioner,39 F.2d 540, 544 (2nd Cir. 1930). Decision will be entered under Rule 155.
Footnotes
1. This deficiency amount is based on respondent's disallowance of petitioner's entire claimed business mileage deduction. Respondent has now conceded that petitioner is entitled to 70 percent of his claimed business mileage deduction.↩
2. The "optional method" was a method provided for on page 2 of Form 2106, Employee Business Expenses, for each of the years in issue, which allowed the taxpayer a flat 15 or 10 cents, dependent upon miles driven, as a deduction per business mile traveled—regardless of the taxpayer's actual costs of traveling those business miles.↩